# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MORRIS MATERIAL HANDLING, INC., MHE TECHNOLOGIES, INC., HARNISCHFEGER TECHNOLOGIES, INC. and SPH CRANE & HOIST, INC., Delaware Corporations,**

Plaintiffs,

v.  Case No. 03-C-975

**KCI KONECRANES INTERNATIONAL PLC, a Finnish Corporation, and KONECRANES, INC., a Texas Corporation,**

Defendants,

v.

**MMH HOLDINGS, INC., a Delaware Corporation,**

Counter-Defendant.

## DECISION AND ORDER

On December 30, 2004, the Court received the plaintiffs' amended complaint, alleging various federal and state claims for trademark infringement, unfair competition, false advertising, fraudulent representation, and identity theft. In addition to answering the complaint, the defendant Konecranes, Inc. ("Konecranes") filed an amended counterclaim against the named plaintiffs (collectively "the Morris Group") and the counter-defendant MMH Holdings, Inc. ("MMH"). On January 14, 2005, MMH filed a motion seeking

dismissal of certain portions of Konecranes's amended counterclaim pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transfer of those claims to New York pursuant to 28 U.S.C. § 1406(a).[1] The Court considers these requests.

I. BACKGROUND

In its counterclaim, Konecranes alleges that, in the fall of 2002, the other defendant and its parent corporation, KCI Konecranes International PLC ("KCI"), engaged the Morris Group in discussions regarding a possible acquisition of the Morris Group. (Def. Konecranes Inc.'s Answer, Affirmative Defenses and Am. Countercls. ["Am. Countercls."] 7, ¶ 5.) These discussions resulted in two letter agreements. KCI, in the first letter, dated October 31, 2002, agreed not to solicit employment from Morris employees for a set period of time. Pursuant to the second letter, dated November 11, 2002, KCI provided MMH, the Morris Group's parent entity, with $250,000 as a security deposit during the preliminary acquisition investigations. (*Id*. 7, ¶¶ 4, 7.) That deposit would be refundable if KCI discovered a materially adverse change in the Morris Group's business from any previous representations. (*Id*. 7-8, ¶ 7.)

---

[1] MMH submitted both its motion and brief in a single document. Such submissions are not contemplated by, and arguably violate, this Court's local rules. *See* United States District Court for the Eastern District of Wisconsin Local Rules, Civ. L.R. 7.1. There is a reason for requiring separate documents. A supporting brief is not a request for relief; the relief sought is demarcated in the motion itself. In the present instance, the title of the motion/brief requests dismissal of certain paragraphs (8 through 13) of the counterclaim. By contrast, the body of the motion/brief, seeks dismissal of two counts in the counterclaim, which do not coincide with the paragraphs identified in the title of the filing. Typically, if discrepancies exist between relief requested in a motion and a supporting brief, the motion controls. In the present instance, there is no discrete motion filing. In any event, the Court understands MMH as requesting dismissal of Counts 1 and 2 of the counterclaim.

2

KCI, according to Konecranes's counterclaims, uncovered a materially adverse change in the Morris Group's business while KCI was performing its due diligence investigation. (*Id*. 8, ¶ 8.) Based on this information, the Morris Group agreed to a reduction in its purchase price. Not satisfied, KCI demanded the return of its deposit. The Morris Group refused. (*Id*. 8, ¶¶ 11, 12.) Subsequently, in October 2003, KCI assigned its rights in the refund to Konecranes. (*Id*. 9, ¶ 13.) The above-described events inform counts in the counterclaim for breach of contract and breach of obligation of good faith and fair dealing.

Of relevance for the motion currently pending, the November 11, 2002 agreement letter between KCI and MMH contains a forum-selection clause, which reads:

> Any legal action, suit or proceeding arising out of or relating to this letter agreement may only be instituted in any state or federal court in the [sic] New York, New York, and each party waives any objection which such party may now or hereafter have to the laying of the venue of any such action, suit or proceeding, and irrevocably submits to the jurisdiction of any such court in any such action, suit or proceeding.

(Counter-Def. MMH Holdings, Inc.'s Mot. to Dismiss Konecranes, Inc.'s Countercl. Paragraphs 8 though 13 or in the Alternative, Mot. to Transfer Venue ["the Motion"] Ex. 1.)

The basic contours of the parties' arguments are readily summarized. MMH argues that the forum-selection clause in the November 11th agreement should be enforced. Konecranes disagrees and argues that the clause should be abrogated because it is "unreasonable under the circumstances."

3

II.   Analysis

The parties agree that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[2] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Such clauses will be upheld absent exceptional circumstances. *AAR Int'l, Inc. v. Nimelias Enterprises, S.A.*, 250 F.3d 510, 524 (7th Cir. 2001)(citing *Bonny v. Society of Lloyd's*, 3 F.3d 156, 159-61 (7th Cir. 1993)). Such exceptional circumstances may only be found where the clause's

> incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the party seeking the clauses's invalidation] will for all practical purposes be deprived of its day in court; or (3) its enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by a statute or judicial decision.

*Id*. at 525.

Konecranes raises three arguments. First, it claims that enforcement of the forum clause is unreasonable under the circumstances because (a) separating out the deposit claim against MMH will waste resources, and (b) the counterclaim's connection to the clause's designated forum (New York) is attenuated. Second, Konecranes argues that the issue of the deposit should remain in this Court consistent with Rule 20 of the Federal Rules of Civil Procedure. Third, Konecranes states that MMH has not read the counterclaim carefully and

---

[2]Neither party discusses whether the validity of the clause is a matter of state or federal law. Instead, both parties arguments focus exclusively on federal law. The parties' briefs demonstrate an implicit stipulation that federal law governs the enforceability of the clause. *See Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 531 (7th Cir. 1985). The Court need not disturb this presumption.

4

wrongly believes that Count 2 only involves the November 11, 2002 agreement. In fact, Count 2 also implicates the agreement entered into on October 31, 2002.

Konecranes's first set of arguments–that separating out the claims will waste time and the claim's connection to New York is thin–does not fit neatly into any of the exceptional circumstances cited by the Seventh Circuit in *AAR International, Inc*. There is no allegation of fraud, undue influence or overweening bargaining power. Nor has Konecranes made the argument that dismissing the claims or transferring the action will practically deprive it of its day in court.

Konecranes points out that MMH does business in the judicial district where this action is pending, and those documents and witnesses related to Konecranes's counterclaims are also located in this district. (Konecranes identifies itself as "in Ohio." (*See* Konecranes, Inc.'s Br. in Opp'n to Counter-Def. MMH Holdings, Inc.'s "Motion to Dismiss Konecranes, Inc.'s Counterclaim Paragraphs 8 Through 13, or in the Alternative, Motion to Transfer Venue" ["Opp'n Br."] 6-7.)) These arguments sound like an attempt to show that the forum chosen by the parties in the selection clause will be inconvenient or too costly. Though Konecranes styles this argument as one about the claim's connection to New York, it is substantively an argument of *forum non conveniens*. And, it is an argument that carries little weight in this circuit. "[B]y agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or inconvenience to itself." *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375, 378 (7th Cir. 1990). By

5

the plain wording of the November 11, 2002 letter, the parties waived recourse to such arguments.

Nevertheless, two arguments–that resources may be wasted (a sub-argument of the claim that enforcement of the clause will be unreasonable) and that Rule 20 militates against separating claims–may be considered attempts to show that the clause's enforcement "would contravene a strong public policy of the forum in which the suit is brought, declared by a statute or judicial decision." *AAR Int'l, Inc.*, 250 F.3d at 525. Konecranes argues that forcing it "to litigate its dispute over the $250,000 deposit with MMH in New York while litigating the same dispute with the other Morris parties in Milwaukee–when MMH is still a party in Milwaukee on the other counts–would be the epitome of wasting the courts' and parties' resources." (Opp'n Br. 5.) MMH does not disagree, but concludes that such reasoning provides even more forceful justification for the complete transfer of Counts 1 and 2, as to all parties, to New York.[3] MMH argues that the deposit issue has no relation to the Morris Group's claims of infringement and unfair competition and is best litigated separately.

At bottom, there is only one reason to enforce the forum selection clause: it is what the parties agreed to. Though a singular reason, it is a powerful one. On the other side are myriad practical problems, the most notable being that upholding the forum selection clause

---

[3]Count 2 of Konecranes's counterclaim implicates both the October 31, 2002 agreement as well as the one dated November 11, 2002. By contrast, Count 1 of the counterclaim, for breach of contract, only references the November 11, 2002 agreement. MMH, though with little supporting case law, contends that the obvious connection between the two agreements militates in favor of transferring both counts as to all parties to a New York court, even though the forum selection clause is only contained in the November agreement. Konecranes comes to the opposite point and argues that, insofar as Count 2 implicates both agreements, the forum selection clause in one should not dictate where either count is properly brought.

6

would result in two separate courts adjudicating the same question against related parties. MMH, after all, is not the only party against whom Konecranes brings Counts 1 and 2 of its counterclaim.

The Court is inclined to agree with the district court's analysis as identified in *Continental Insurance Company v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003). In that decision, the Seventh Circuit affirmed a district court's dismissal, pursuant to Rule 12(b)(3), of a party's claims based on a forum selection clause. The appellant argued that, rather than dismissing the claims, the court should have transferred them pursuant to 28 U.S.C. § 1406(a). The Seventh Circuit explained:

> The district court was justified in dismissing, rather than transferring, the suits. The district court reasoned that "in a case in which all parties are commercially sophisticated and familiar with the forms of litigation in which they engage," a transfer in the interests of justice is not justified when "[t]here was nothing obscure" about the proper forum. (Dist. Ct. Op. 8-9.) While dismissing the suit because of a mistake that is "easy to commit" might be "so disproportionate" a penalty as to constitute an abuse of discretion, the "proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one." *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

*Id*. at 608.

Two points, however, give the Court pause before embracing the path chosen by the *Continental* Court. First, the Morris Group has not joined MMH in its motion. Transferring Counts 1 and 2 in their entirety would likely impose no small inconvenience on the parties that comprise the Morris Group who have raised no objection to litigating Konecranes's counterclaim in the present forum. While there is obviously a relationship between MMH

7

and the Morris Group, this Court will not presume that what is good for MMH is also good for the plaintiffs. Thus, transferring Counts 1 and 2 in their entirety and against all parties is not a viable option.

Second, efficiency and economy are better served if this action is not divided. MMH has not directed the Court to any case where enforcement of a forum selection clause resulted in identical claims being litigated in different courts by related parties. If MMH were the only party to Counts 1 and 2 of the counterclaim, the Court would likely hold Konecranes to the forum selection clause that it agreed to. However, based on the wording of the counterclaim, MMH is only one of many parties to both counts. Furthermore, Konecranes correctly points out that Rules 19 and 20 of the Federal Rules of Civil Procedure aim to conserve judicial resources. *See Davis Cos. v. Emerald Casinos, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001); *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985). Similarly, this Court has highlighted Rule 20's purpose of saving parties from unnecessary expenditure of resources through multiple lawsuits. *Hohlbein*, 106 F.R.D. at 78.

The Court, based on the representations of the parties, understands that if it were to dismiss MMH from Counts 1 and 2 of the counterclaim, Konecranes would attempt to obtain relief in a New York forum. Thus, dismissal pursuant to Rule 12(b)(3) would simply be a precursor to a subsequent filing in another district court. Transfer by the Court would seem to be the more logical route. However, the Morris Group has not joined MMH in its motion, and thus, any proposed transfer of the two counts as to all parties would likely result in added

8

expense and inconvenience for the Morris Group. Furthermore, granting the motion to transfer only with respect to MMH would waste judicial resources; in such a scenario, the same claims among related parties would be litigated in different courts. There is a stated policy in this district favoring conservation of judicial resources as well as those of the parties to an action. Enforcement of the forum selection clause in the present action would contravene this policy. *See AAR Int'l, Inc.*, 250 F.3d at 525. Accordingly, the Court will not enforce the forum selection clause and denies MMH's motion to dismiss or transfer.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Counter-Defendant MMH Holdings, Inc.'s Motion to Dismiss Konecranes, Inc.'s Counterclaim Paragraphs 8 through 13, or in the Alternative, Motion to Transfer Venue (Docket No. 52) is **DENIED**.

Dated at Milwaukee, Wisconsin this 29th day of November, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

9