# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MORRIS MATERIAL HANDLING, INC., MHE TECHNOLOGIES, INC., HARNISCHFEGER TECHNOLOGIES, INC. and SPH CRANE & HOIST, INC., Delaware Corporations,**

    Plaintiffs,

  v.              Case No. 03-C-975

**KCI KONECRANES INTERNATIONAL PLC, a Finnish Corporation, and KONECRANES, INC., a Texas Corporation,**

    Defendants,

  v.

**MMH HOLDINGS, INC., a Delaware Corporation,**

    Counter-Defendant.

## DECISION AND ORDER

On October 11, 2005, the defendant and counterclaimant, Konecranes, Inc. ("Konecranes"), filed a motion seeking production of certain documents from the plaintiffs. The plaintiffs stated that the requested documents were protected from disclosure by the attorney-client or work-product privileges. In support of this position, they provided the documents for the Court's *in camera* review. However, since Konecranes's motion to compel was filed pursuant to this Court's local rules governing expedited, non-dispositive

motions, the parties followed a truncated and expedited briefing format. This briefing left the plaintiffs little room for expansive argumentation, though they did not file a request for fuller briefing.

The Court, in an order dated November 8, 2005, identified those documents that obviously fell within the scope of either attorney-client or work-product protection. These documents clearly evinced counsel's strategies or contained legal advice or requests for the same. As for the rest of the documents, the Court stated that it did not possess enough information regarding the background of those communications or their contexts to pronounce them protected. The Court explained that the plaintiffs bore the burden of establishing application of a privilege and, absent further information, the remainder of the documents would have to be produced. Sensitive to the abbreviated briefing constraining the parties, the Court informed the plaintiffs that they could prevent the release of the documents by submitting a filing that explained "why the particular document or group of documents is privileged including, if necessary, the context of the communication and any relevant case law that supports an invocation of the privilege." *Morris Material Handling, Inc. v. KCI Konecranes Int'l PLC*, No. 2:03-cv-00975-RTR, at *9 (E.D. Wis. Nov. 8, 2005).

On November 16, 2005, the Court received the Plaintiffs' Submission Regarding Privileged Documents. That document consists of a chart in which the plaintiffs have identified documents or groups thereof by their Bates numbers and provided a brief explanation of why those documents should be deemed privileged. The Court notes that the

2

plaintiffs only seek to protect certain of the documents that the Court ordered produced; presumably, Konecranes will have access to the remainder.

The attorney-client privilege attaches to confidential communications related to a client's request for legal advice from a professional legal adviser. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992). The work-product doctrine prevents the disclosure of documents prepared in anticipation of litigation unless the requesting party has substantial need for the materials or is unable, without undue hardship to obtain the equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3).

The Court has reviewed the contested documents once again and, based on the descriptions provided by the plaintiffs, is satisfied that the following documents, identified by Bates mark, are protected by the attorney-client privilege: 011581, 011678, 011679, 040711, 040712, and 040722. Konecranes makes an argument–albeit one without the benefit of having actually viewed the documents in dispute–that the documents are not privileged because the communications (all e-mails) were exchanged among non-attorney executives while in-house counsel was only a co-author or co-recipient. While that may be true, these e-mails were obviously intended to be confidential, related to the pending litigation, and involved either efforts to obtain legal advice or discuss litigation-related matters with the involvement and oversight of counsel. *See United States v. BDO Seidman*, 337 F.3d 802, 810-11 (7th Cir. 2003); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). The Court recognizes that the medium of e-mails creates a separation among

communicants that otherwise would not be present if, for example, all the members were present in a boardroom discussing such topics. The latter scenario would leave little doubt as to the invocation of privilege even if an attorney was present but silent. This is not to say that copying an attorney on an e-mail automatically renders that communication privileged, but the Court is satisfied that the above-identified documents are protected by the attorney-client privilege.

There are also three groups of documents, Bates-marked 040819-26, 040829-41, and 040843-61, which the plaintiffs still seek to protect. The plaintiffs have provided the following explanation or description setting forth why the documents are protected by the attorney-client and/or work product privileges:

> Series of e-mail exchanges by employees of the Plaintiffs concerning product testing undertaken at the direction of Attorney Martin Ditkof in support of certain issues involved in the current lawsuit. All of the e-mails were generated during the pendency of the lawsuit.

(Pls.' Submission Regarding Privileged Documents 2.)

The plaintiffs, despite the Court's invitation in its November 8, 2005 order, have failed to provide any legal citation supporting its claim that communications regarding testing are privileged. The plaintiffs are fortunate; their failure to fully brief the issue will not defeat their request. The attorney-client privilege covers communications with attorneys even if it does not protect disclosure of the facts underlying those communications. *UpJohn Co. v. United States*, 499 U.S. 383, 395 (1981). Furthermore, insofar as the parties to the e-mails were working pursuant to the direction and instruction of counsel in anticipation of litigation,

4

the communications may also receive work-product protection. *See Binks Mfg. Co. v. Nat'l Presto Indus. Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Modifying its November 8, 2005 Order, the Court finds that the plaintiffs are not required to disclose documents Bates-marked 011581, 011678, 011679, 040711, 040712, 040722, 040819-26, 040829-41, and 040843-61.

Dated at Milwaukee, Wisconsin this 5th day of December, 2005.

            **BY THE COURT**

            s/ Rudolph T. Randa
            **Hon. Rudolph T. Randa**
            **Chief Judge**